# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) |
|---|---|
| v. | ) CR 03-39 |
| | ) CV 8-124 |
| EUGENE STURDIVANT | ) |

AMBROSE, Chief Judge.

## OPINION AND ORDER OF COURT

### SYNOPSIS

In this criminal matter, on June 24, 2005, Defendant entered a plea of guilty to a single count of possession with intent to distribute in excess of fifty grams of crack cocaine. He received a sentence of 262 months imprisonment. Defendant filed an appeal with the Court of Appeals for the Third Circuit, which affirmed his sentence on May 3, 2007. No writ of certiorari was filed.

Defendant has now filed a Motion pursuant to 28 U.S.C. § 2255, arguing that counsel was ineffective for failing to file a writ of certiorari after Defendant asked him to do so; to raise arguments relating to career offender status and mitigating circumstances; to advise him that his sentence might be higher than 120 months; and to object to the use of a sentencing guideline as mandatory.

For the following reasons, Defendant's Motion will be denied, and a certificate of appealability shall not issue.

## OPINION

### A. APPLICABLE STANDARDS

#### 1. Section 2255

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962).

A district court need not hold an evidentiary hearing on a Section 2255 Motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, No. 02-2604, 2004 U.S. App. LEXIS 5692, at *4 (3d Cir. March 26, 2004). Under that standard, a hearing is unnecessary in this case, and I will dispose of the Motion on the record.

#### 2. Ineffective Assistance of Counsel

To demonstrate that counsel was ineffective, a defendant must show that counsel's performance fell below "the wide range of professionally competent assistance" and also that the deficient conduct prejudiced defendant. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Counsel's conduct must be assessed according to the facts of the particular case, viewed as of the time of counsel's conduct. Id. at 689.

Under the prejudice prong, the pertinent question is "whether there is a reasonable probability that, absent the errors," the result would have been different. Id. at 695; see also United States v. Gray, 878 F.2d 702, 709-13 (3d Cir. 1989). The prejudice prong of Strickland rests on "whether counsel's deficient performance renders the result of the . . . proceeding fundamentally unfair," or strips the defendant of a "substantive or procedural right to which the law entitles him." Id. at 844. The Strickland standard for effective assistance of counsel also

applies to appellate counsel. Phillips v. Moore, 2005 U.S. Dist. LEXIS 24158 (D.N.J. 2005).

In the context of an ineffective assistance of counsel claim, a court should be "highly deferential" when evaluating an attorney's conduct; there is a "strong presumption" that the attorney's performance was reasonable. Strickland, 466 U.S. at 689. "It is… only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." Gray, 878 F. 2d at 711.

Accordingly, a guilty plea may be withdrawn based on ineffective assistance of counsel only if "(1) the defendant shows that his attorney's advice was under all the circumstances unreasonable under prevailing professional norms, and (2) the defendant shows that he suffered 'sufficient prejudice' from his counsel's errors." United States v. Maynard, 152 Fed. Appx. 191 (3d Cir. 2005).

**B. DEFENDANT'S MOTION**

    **A. Waiver**

I first address the Government's suggestion that Defendant has waived his right to file the present Motion.

Defendant's plea agreement contained the following provision:

Eugene Dewayne Sturdivant waives the right to file a motion or vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence.

Generally, waivers of the right to appeal and collateral attack are valid if entered into knowingly and voluntarily, and will divest the district court of jurisdiction over a collateral attack. United States v. Khattak, 273 F.3d 557, 558 (3d Cir. 2001); United States v. Whitaker, No. 02-90-03, 2005 U.S. Dist. LEXIS 23884, at **5-6 (E.D. Pa. Oct. 18, 2005). Claims challenging the voluntariness of the waiver in particular, or the effectiveness of counsel with respect to the waiver, however, may survive. Whitaker, 2005 U.S. Dist. LEXIS 23844 at **5-6. Similarly, courts will consider an ineffectiveness claim that relates directly to the negotiation of the waiver itself.

United States v. Fagan, No. 04-2176, 2004 U.S. Dist. LEXIS 22456, at **9-11 (E.D. Pa. Oct. 4, 2004).

In this case, Defendant does not make any substantive claim that relates specifically to the negotiation of the waiver at issue; nor does he aver that the waiver of collateral attack rights in particular was involuntary or unknowing. To the extent that Defendant argues that overall ineffectiveness of counsel rendered his waiver involuntary and unknowing, I must reject that argument. The Court of Appeals has already found a knowing and voluntary plea of guilty, as the issue was undisputed at the appellate stage. Of course, an issue not raised on direct appeal is waived. United States v. Ordaz, 184 Fed. Appx. 229, 230 (3d Cir. 2006). Even if it had not been waived, however, I likewise do not find his plea invalid based on his present arguments.

In addition to resting on grounds of unknowing and involuntary waiver, a court may invalidate a waiver if its enforcement works a "miscarriage of justice." Khattak, 273 F.3d at 558. The Court of Appeals has already determined that Defendant's plea agreement works no miscarriage of justice under Khattak, and Defendant has not argued that the appellate decision is inapplicable to the present Motion. I note, too, that during his plea hearing, Defendant acknowledged, on the record, the waiver of his collateral rights. For these reasons, I will enforce Defendant's waiver of his collateral attack rights, and find that the entirety of his Motion is barred by his plea agreement.

### B. Substantive Arguments

In the event that Defendant feels wronged by the technicalities of waiver, I emphasize that even if the waiver was invalid, his arguments would fail on other grounds.

First, I address counsel's failure to file a writ of certiorari. Courts within this circuit have "consistently denied ineffective assistance of counsel claims raised in connection with an attorney's failure to file a petition for writ of certiorari." United States v. Sawyer, No. 99-35-02,

2005 U.S. Dist. LEXIS 18405, at *3 (E.D. Pa. Aug. 23, 2005).  "A review on writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only when there are special and important reasons therefore...There is also no constitutional right to counsel to pursue an application for review in the Supreme Court." United States v. Ferrell, 730 F. Supp. 1338, 1340 (E.D. Pa. 1989).  Even though Defendant requested that counsel file a writ on his behalf, therefore, he was not prejudiced by counsel's failure to fulfill that request; a claim for ineffectiveness cannot stand. Cf. Sawyer, 2005 U.S. Dist. LEXIS at **6-7.

Second, Defendant argues that counsel failed to address the disparity in sentencing between powder and crack cocaine.  Defendant refers, in particular, to the "100 to 1" ratio, as described in Kimbrough v. united States, 128 S. Ct. 558, __ U.S. __, 169 L. Ed. 2d 481 (2007).  As reflected in the record, counsel did, in fact, raise with the Court the issue of disparities between sentencing cocaine offenses.   Although counsel did not specifically reference Kimbrough, he cannot have been ineffective for failing to reference a case years before that case was decided.  That a "100 to 1" argument had been raised or accepted pre-Kimbrough by two courts outside of this Circuit cannot render present counsel's failure to raise that argument either deficient or prejudicial under applicable standards.

Third, I address Defendant's assertion that his plea was unknowing and involuntary, because counsel misadvised him regarding the possible length of his sentence.  He was advised, he said, that he was getting a "ten year deal," or 120 months.  Counsel did not advise him that the sentence could be higher based on later-determined factors.  Defendant's plea letter, however, states that his penalty may be between ten years and life imprisonment.  Further, the plea colloquy cured any deficiency in counsel's prediction.  During that proceeding, Defendant was made aware that his sentence could be higher than agreed; this Court advised him that a guideline range could not be calculated until after a presentence report was filed; that the disposition of the case could be less favorable than called for by the plea agreement; and

that the Court has the authority to go above the guideline range. The Court asked whether anyone had made predictions or promises to Defendant regarding his actual sentence; he responded in the negative. Under these circumstances, I cannot find that counsel's assistance fell below applicable standards, or, if it did, that Defendant was prejudiced thereby. See Jones v. United States, 131 Fed. Appx. 819, 821-22 (3d Cir. 2005) (citing cases).

The final two arguments may be dealt with summarily. Defendant objects that I treated the guidelines as mandatory, rather than conducting an individual assessment. However, the transcript of Defendant's sentencing reflects that I expressly considered the guidelines as advisory only. In addition, Defendant argues that simple assault should not have counted as a predicate conviction for career offender status. Our Court of Appeals, however, expressly rejected this same argument on appeal. That decision forecloses further consideration of the issue at this time.

## C. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." In this case, for the reasons stated in the foregoing Opinion, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue in any respect.

## CONCLUSION

In sum, Defendant's Motion will be denied, because he has waived his right to collateral attack. Even if I were to invalidate that waiver, however, he has failed to demonstrate that he is entitled to relief under Strickland. This matter entailed no fundamental defects, omissions, or miscarriage of justice on the grounds charged. Additionally, no certificate of appealability shall issue. An appropriate Order follows.

**ORDER**

AND NOW, this 17th day of April, 2008, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Vacate, Set Aside, or Correct Sentence of Law (Docket No. [55]) is DENIED. No certificate of appealability shall issue.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Chief Judge, U.S. District Court

.